**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| WILLIAM PRIGMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:22-00117 |
| | ) | |
| KATINA HECKARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Defendant Heckard's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 23), filed on October 7, 2022. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant Heckard's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendant in moving to dismiss. (Document No. 26.) Plaintiff filed his Response on March 1, 2023, and Supplemental Response on March 16, 2023. (Document Nos. 34 and 37.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendant Heckard's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 23) should be granted.

**FACTUAL AND PROCEDURAL HISTORY**

On March 4, 2022, Plaintiff, acting *pro se,* filed a "Petition Under 28 U.S.C. § 2241."[1]

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Document No. 1.) In his Section 2241 Petition, Plaintiff claimed that the Warden and Bureau of Prison ("BOP") staff were subjecting him to "mistreatment, rape, long term isolation, and torture." (Id.) Plaintiff asserted the BOP was failing to prevent or provide protection from this abuse. (Id.) As relief, Plaintiff requested that the Court intervene, order his release, equip him with the ability to protect himself, or place him in protective custody.[2] (Id.)

By Order entered on March 9, 2022, the undersigned construed Plaintiff's Section 2241 Petition as a civil action filed pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 4.) The undersigned further ordered that "the Clerk send [Plaintiff] a copy of a form Complaint and Application to Proceed *in forma pauperis* and that within 30 days of the date of entry of this Order (1) [Plaintiff] shall file the form Complaint specifying, among other things, the names of individual Defendant(s) in his Bivens action and stating specific facts as to how each defendant violated his constitutional rights, and (2) [Plaintiff] shall either pay the filing and administrative fee totaling $402 or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2)." (Id.)

On April 6, 2022, Plaintiff filed his Complaint and Application to Proceed Without Prepayment of Fees and Costs. (Document Nos. 9 and 10.) In his Application to Proceed *in Forma Pauperis*, Plaintiff clearly indicated that he has ample funds to pay the Court's requisite filing fee ($350) and administrative fee ($52) totaling $402. (Id.); See 28 U.S.C. § 1914(a). By Order entered

---

[2] To the extent Plaintiff is requesting that the Court "intervene, . . . equip him with the ability to protect himself, or place him in protective custody," the undersigned notes that Plaintiff is no longer incarcerated at FCI Beckley. To the extent Plaintiff requests his "release," release from custody is not an available remedy in a *Bivens* actions.

on April 8, 2022, the undersigned denied Plaintiff's Application to Proceed *in Forma Pauperis* and directed him to pay the filing and administrative fee totaling $402.00. (Document No. 11.) On May 2, 2022, Plaintiff paid the filing and administrative fee. (Document No. 13.)

In his Complaint, Plaintiff alleges violations of his constitutional and civil rights pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 9.) As Defendants, Plaintiff names the following: (1) Katina Heckard, Warden of FCI Beckley; and (2) Multiple Unknown Agents of FBOP. (<u>Id.</u>) Plaintiff alleges that Defendants have violated his Eighth Amendment rights by torturing him and subjecting him to cruel and unusual punishment. (<u>Id.</u>, pp. 4, 6 - 10.) Specifically, Plaintiff explains that Defendants have improperly placed him in "long term isolation" when he has "no violence or sex crimes on [his] record." (<u>Id.</u>, pp. 4 and 7.) Plaintiff states that the "Warden has instructed staff to harass [him] and constantly punishes [Plaintiff] while in isolation." (<u>Id.</u>, pp. 4, 7 – 8.) Plaintiff further asserts that "[t]he Warden has personally raped [him] multiple times with other staff members and allowed other staff members to rape [him], punish [him], and hold [him] in isolation while [Plaintiff's] thoughts are washed and [he is] abused and tortured." (<u>Id.</u>) Finally, Plaintiff states that he is "innocent" and has "never committed a crime punishable of 12 months." (<u>Id.</u>, pp. 4 and 6.) As relief, Plaintiff requests "immediate release with the ability to protect [himself] and full immunity so [Plaintiff] can never be housed in BOP [custody] again, have privileged detention conditions in the community until full release is granted, and placed on P.C. in the community until fully released." (<u>Id.</u>, p. 5.)

After screening the case pursuant to 28 U.S.C. § 1915A, the undersigned determined that Plaintiff had potentially stated a viable claim under <u>Bivens</u> and directed the Clerk to issue process

on behalf of Plaintiff.[3] (Document No. 18.) The Clerk issued process the same day. (Document No. 19.)

On October 7, 2022, Defendant Heckard filed her "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 23 and 28.) Defendant Heckard argues that Plaintiff's claim should be dismissed based on the following: (1) Plaintiff failed to exhaust his administrative remedies (Document No. 28, pp. 7 – 10); (2) "Plaintiff's individual capacity claims are not cognizable under Bivens" (Id., pp. 10 – 26); (3) "Dismissal of the Complaint pursuant to Fed. R. Civ. P. 8 is appropriate" (Id., pp. 26 – 27); (4) "Injunctive relief is not available in a Bivens case" (Id., pp. 27 – 28); (5) "Dismissal of the Complaint pursuant to 28 U.S.C. § 1915A is appropriate" (Id., pp. 28 – 31); (6) There is no constitutional claim for alleged wrongful placement in SHU (Id., pp. 31 – 32); (7) "Harassing comments do not rise to the level of a constitutional violation" (Id., pp. 32 – 33); (8) "Heck v. Humphrey bars Plaintiff's allegations relating to his conviction" (Id., pp. 33 – 34); (9) The "PREA does not create a private right of action" (Id., p. 34); and (10) Defendant Heckard is entitled to qualified immunity (Id., pp. 35 – 37).

As Exhibits, Defendant Heckard attaches the following: (1) The Declaration of Jacob Van Devender (Document No. 23-1, pp. 2 - 5); (2) A copy of Plaintiff's Administrative Remedy History dated August 23, 2022 (Id., p. 7); (3) A copy of Plaintiff's "Inmate History Quarters" (Id., pp. 9 – 10); (4) A copy of the Protective Custody Investigative Report (Id., pp. 12 – 15); (4) The Declaration of Destiny Spearen (Document No. 23-2, pp. 2 – 3); (5) A copy of Plaintiff's Administrative Remedy Generalized Retrieval dated August 23, 2022 (Id., pp. 5 – 7); (6) A copy

---

[3] Process was only issued upon Defendant Heckard as she was the only defendant properly identified.

of Plaintiff's psychological records (Document No. 30); and (7) A copy of the "Public Information Inmate Data As of 09-09-2022" (Document No. 23-2, pp. 10 – 12).

Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 12, 2022, advising him of the right to file a response to the Defendant Heckard's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Document No. 26.) On November 14, 2022, Plaintiff filed his Response in Opposition. (Document No. 31.) Within his Response, Plaintiff states that he did not receive a copy of Defendant Heckard's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (<u>Id.</u>) Plaintiff's Response did not specifically respond to Defendant Heckard's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (<u>Id.</u>) By Order entered on February 14, 2023, the undersigned directed the Clerk to provide Plaintiff with a copy of Defendant Heckard's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and that Plaintiff file any Response to Defendant Heckard's foregoing Motion by March 13, 2023. (Document No. 33.) On March 1, 2023, Plaintiff filed his Response in Opposition. (Document No. 34.) On March 16, 2023, Plaintiff filed a Supplemental Response. (Document No. 37.)

## **THE STANDARD**

### **Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Although factual allegations must be accepted

as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). A motion to dismiss filed pursuant to Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Once subject matter jurisdiction is challenged, plaintiff bears the "burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Subject matter jurisdiction cannot be waived by the Court or the parties. The absence of subject-matter jurisdiction may be raised at any time. Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a District Court may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment. See William v. United States, 50 F.3d 299 (4th Cir. 1995).

**Summary Judgment**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. "A fact is 'material' if proof of its existence or non-existence would affect disposition of the

6

case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-moving movant." Wai Man Tom v. Hospitality Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020)(citations omitted.); also see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(A "material fact" is a fact that could affect the outcome of the case); CTB, Inc. v. Hog Slat, Inc., 954 F.3d 647, 658 *4th Cir. 2020)("A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict of the nonmoving party."); FDIC v. Cashion, 720 F.3d 169, 180 (4th Cir. 2013)(A "genuine issue" of material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor). "The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact." Wai Man Tom, 980 F.3d at 1037. The moving party may satisfy this burden by showing that the non-moving party has failed to prove an essential element of the non-moving party's case that the non-moving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim.). Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. See Celotex Corp., 477 U.S. at 325, 106 S.Ct. 2548; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986); also see Wai Man Tom, 980 F.3d at 1037(citation omitted)("[T]o survive the motion for summary judgment, [the non-moving party] may not rest on the allegations averred in his pleadings. Rather, the nonmoving party must demonstrate specific,

material facts exist that give rise to a genuine issue.") Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. <u>Anderson</u>, 477 U.S. at 247-48, 106 S.Ct. 2505("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); <u>Perry v. Kappos</u>, 2012 WL 2130908, * 3 (4th Cir. 2012)(quoting <u>Beale v. Hardy</u>, 769 F.2d 213, 214 (4th Cir. 1985)("At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action.") All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. <u>Matsushita</u>, 475 U.S. at 587, 106 S.Ct. at 1356; <u>also see</u> <u>Sedar v. Reston Town Center Property, LLC</u>, 988 F.3d 756, 763 (4th Cir. 2021)("The requirement to construe the facts, and all reasonable inferences therefrom, in the light most favorable to the non-moving party does not require [the court] to accept cherry-picked snippets of the testimony divorced from their context."). Additionally, the court is not allowed to make credibility determinations or weigh the evidence at the summary judgment stage. <u>Stanton v. Elliott</u>, 25 F.4th 227, 234 (4th Cir. 2022)(noting that the disbelief in a non-moving party's ability to succeed on the merits is insufficient to grant summary judgment). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate. <u>See</u> <u>Moss v. Parks Corp.</u>, 985 F.2d 736, 738 (4th Cir. 1993)(Summary judgment is proper where it is apparent from the record that "no reasonable jury could find for the nonmoving party.")

## <u>DISCUSSION</u>

1.    <u>**Bivens Claim**</u>:

"[F]ederal courts must take cognizance of the valid constitutional claims of prison

inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[4] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an

---

[4] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

9

Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

### A. Failure to exhaust.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[5] <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); <u>Booth v. Churner</u>, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. <u>Goist v. U.S. Bureau of Prisons</u>, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), <u>aff'd</u>, 54 Fed.Appx. 159 (4th Cir.

---

[5] 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

    If an inmate exhausts administrative remedies with respect to some, but not all, of the claims she raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(overruled on other grounds), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process was to produce results

benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Although failure to exhaust available administrative remedies is an affirmative defense, it is a threshold issue that must be resolved before reaching the merits of the underlying claims for relief. Jones v. Bock, supra, 549 U.S. at 216, 127 S.Ct. at 921; Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Once the defendant has made a threshold showing of failure to exhaust, the

burden of showing that the administrative remedies were unavailable falls to plaintiff. See Washington v. Rounds, 223 F.Supp.3d 452, 459 (D.Md. 2016)(citing Graham v. Gentry, 413 Fed.Appx. 660, 663 (4th Cir. 2011)). Whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." Creel v. Hudson, 2017 WL 4004579, at * 3 (S.D.W.Va. 2017)(citing Drippe v. Tobelinski, 604 F.3d 778, 782 (3rd Cir. 2010)); Lee v. Willey, 789 F.3d 673, 678 (6th Cir. 2015)(finding disputed questions of fact are resolved by the Court); also see Woodhouse v. Duncan, 741 Fed.Appx. 177, 178 (4th Cir. 2018)(citation omitted)("Judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.") If a plaintiff fails to exhaust his or her administrative remedies under the PLRA, then the defendant is entitled to judgment as a matter of law. See Legg v. Adkins, 2017 WL 72604, * 2 (S.D.W.Va. Feb. 23, 2017).

For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, supra, 376 F.3d at 655(internal citations omitted); also see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, et seq., through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to

resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In her Motion, Defendant Heckard argues that Plaintiff failed to exhaust his administrative

remedies concerning his <u>Bivens</u> claim. (Document No. 23 and Document No. 28, pp. 7 – 10.)
Although Defendant Heckard acknowledges that Plaintiff filed an administrative remedy asserting
claims similar to the allegations in his Complaint, Defendant argues that Plaintiff did not fully
exhaust this remedy. (Document No. 28, p. 10) Specifically, Defendant Heckard notes that Plaintiff
failed to appeal his remedy to the Central Office. (<u>Id.</u>) Defendant Heckard further states that
"Plaintiff's Complaint in this case was filed on April 6, 2022, prior to filing his regional appeal of
his institutional remedy response." (<u>Id.</u>) In support, Defendant Heckard submits the Declaration of
Ms. Destiny Spearen, a Paralegal for the Consolidated Legal Center at FCI Beckley. (Document
No. 23-2, pp. 2 – 3.) Ms. Spearen declares that in her position she has access to SENTRY, the
Bureau of Prisons' online system containing, among other things, information about inmates'
administrative remedy filings. (<u>Id.</u>) Ms. Spearen explains that she also has access to information
regarding inmates in the BOP's custody. (<u>Id.</u>) Specifically, Ms. Spearen states as follows in her
Declaration (<u>Id.</u>, pp. 2 - 4.):

* * *

10.    In this case, Plaintiff has filed two administrative remedies asserting claims
similar to the allegations in his Complaint.

11.    His initial remedy, ID No. 1114313-F1, was filed at the institutional level
on March 22, 2022, and a response was provided on March 23, 2022.

12.    Plaintiff then filed an administrative remedy regional appeal, ID No.
1114313-R1, on April 11, 2022, and a response provided on May 11, 2022.

13.    Plaintiff did not further appeal this matter to the Central Office as required
to fully exhaust his claims, and Plaintiff's Complaint in this case was filed
April 6, 2022, prior to filing his regional appeal of his institutional remedy
response.

14.    I have reviewed Plaintiff's administrative remedy filing history and
discovered Plaintiff has not exhausted his administrative remedies in
relation to his claims.

* * *

(Id., p. 3.)

In Response, Plaintiff argues that he did exhaust all his administrative remedies. (Document No. 34, p. 2.) Plaintiff claims that he never received a BP 11 on May 11, 2022, as required by policy. (Id.) Plaintiff, however, states that he "did write the Central Office in D.C. and filed [his] 11 at the first available opportunity once [he] arrived in Beaumont and was released from COVID-19 testing." (Id.) Plaintiff argues that "BOP staff intentionally attempted to prevent [him] from completing the process that [he] did complete by writing D.C. and placing them on notice." (Id.)

Based upon a review of the record, the undersigned finds that Defendant Heckard has met her burden proving that Plaintiff failed to exhaust his available administrative remedies prior to filing his Complaint. As stated above, whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." Creel, 2017 WL 4004579, at * 3; Lee, 789 F.3d at 678 (6th Cir. 2015)(finding disputed questions of fact are resolved by the Court); also see Woodhouse, 741 Fed.Appx. at 178 ("Judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.") In his Response, Plaintiff concludes that he fully exhausted the administrative remedy process. (Document No. 44.) Such bare and conclusory assertions without producing a scintilla of evidence is insufficient to create a genuine dispute of material fact. See Silling v. Erwin, 881 F.Supp. 236, 237 (S.D.W.Va. 1995)(a party must offer more than bare allegations or conclusory statements to survive a motion for summary judgment). Even assuming Plaintiff never received the Regional Director's response to his appeal and he "exhausted" by writing the Central Office, such does not establish that Plaintiff fully exhausted his administrative remedies *prior* to filing his Complaint with this Court. The

16

record clearly reveals that Plaintiff filed his Complaint on April 6, 2022, which was approximately

14 days after he received the Warden's Response to his Administrative Remedy (Remedy ID No.

1114313-F1) and approximately five days prior to him filing his Administrative Remedy Regional

Appeal (Remedy ID No. 1114313-R1). The foregoing clearly reveals that the administrative

process was available to Plaintiff and he filed his Complaint prior to fully exhausting his available

administrative remedies. See Ferguson v. Clarke, 2016 WL 398852, * 6 (W.D.Va. Jan. 6,

2016)(inmate's allegation that the administrative process was unavailable was belied by evidence

that inmate submitted other grievances within the same period); Al Mujahidin v. Harouff, 2013

WL 4500446, * 7 (D.S.C. Aug. 21, 2013)(finding that inmate could not avoid summary judgment

by simply asserting an unsupported allegation that his grievances were not processed or destroyed,

in light of documentary evidence showing that other grievances were processed). Based on the

foregoing, the undersigned respectfully recommends that Defendant Heckard's "Motion to

Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 23) be granted and

Plaintiff's Complaint be dismissed in view of his failure to exhaust his administrative remedies.

The undersigned finds it unnecessary to consider the other reasons that Defendant Heckard has

submitted for dismissal of Plaintiff's Bivens claim.

**2.**     **Claims Challenging Conviction and Sentence Precluded by Heck:**

Notwithstanding the undersigned's above findings, the undersigned will briefly consider

Plaintiff's claim concerning Criminal Action No. 3:17-00187. In Plaintiff's Complaint, Plaintiff

alleges that he is "innocent" and has "never committed a crime punishable of 12 months."

(Document No. 9, pp. 4 and 6.) Given the nature of Plaintiff's allegations, it appears that Plaintiff

is implying the invalidity of his conviction and sentence. A decision in this civil action finding that

17

Plaintiff is actually innocent of being a felon ("never committed a crime punishable of 12 months") would necessarily invalidate Plaintiff's conviction and sentence. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Bivens pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in Heck applies in Bivens actions). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a '1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. '2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under '1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under Heck, since judgment in arrestee's favor would have implied the invalidity of conviction).

In his underlying criminal proceedings, Plaintiff was convicted in the Southern District of Ohio of one count of Being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One) and one count of Being a Felon in Possession Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). United States v. Prigmore, Case No. 3:17-cr-00187, Document No. 110. On July 31, 2020, the District Court sentenced Plaintiff to a 120-month term of imprisonment as to Count One and a 105-month term of imprisonment as to Count Three, to be served concurrently. Id., Document No. 157. Plaintiff filed a Notice of Appeal. Id., Document No. 151. On appeal, Plaintiff argued that the District Court

18

erred by: (1) Finding Plaintiff competent to stand trial; (2) Failing to grant Plaintiff's Motion to Suppress; and (3) Imposing a substantively unreasonable sentence. Id., Document No. 214. By Opinion filed on October 12, 2021, the Sixth Circuit affirmed Plaintiff's conviction and sentence. Id.; United States v. Prigmore, 15 F.4th 768 (6th Cir. 2021). Plaintiff has not filed a Section 2255 Motion. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction or sentence have been invalidated, Plaintiff's Bivens claim is not cognizable pursuant to Heck.

**3.      Prison Rape Elimination Act ("PREA"):**

The "PREA is a federal law designed to reduce incidents of sexual misconduct in correctional facilities by using federal funding and educational initiatives." Worley v. Ewing, 2021 WL 951704, * 4 (S.D.W.Va. March 12, 2021)(J. Goodwin). Specifically, the PREA requires correctional agencies "to enhance education, investigation, protection, prevention, and prosecution of sexual offenses." Id. The PREA, however, does "not create any private right of action for prisoners to sue correctional staff for alleged sexual misconduct." Id.; also see Williams v. Wetzel, 827 Fed.Appx. 158, 162 (3rd Cir. 2020)(finding plaintiff had no private right of action under the PREA); Bowens v. Wetsel, 674 Fed.Appx. 133, 137 (3rd Cir. 2017)(finding that a plaintiff "may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim); Krieg v. Steele, 599 Fed.Appx. 231, 232-33 (5th Cir. 2015)(dismissing plaintiff's PREA claim as frivolous because the PREA does not establish a private cause of action); Williams v. Dovey, 2016 WL 810707, * 7 (D.Md. March 2, 2016)("Nothing in the PREA suggest Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act."); Chapman v. Willis,

2013 WL 2322947, * 4 (W.D.Va. May 28, 2013)(finding that there is no basis in law for a private cause of action under Section 1983 to enforce a PREA violation); Law v. Whitson, 2009 WL 5029564, * 4 (E.D. Cal. Dec. 15, 2009)("The [PREA] in itself contains no private right of action, nor does it create a right enforceable under Section 1983."). To the extent Plaintiff is attempting to assert a private right of action under the PREA, the undersigned respectfully recommends that his Complaint be dismissed.

### 4.    Lack of Service:

The undersigned finds that the "Multiple Unknown Agents of BOP" Defendants should be dismissed due to the lack of service. Although officers of the Court are charged with *assisting* the Plaintiff with service of process under 28 U.S.C. § 1915(d) due to his *in forma pauperis* status, neither the Court nor the USMS, are required to be *advocates* for the *pro se* Plaintiff. The Court has no responsibility to continue to search for the location of any unserved Defendant for the purpose of perfecting service of process for the Plaintiff. In Skaggs v. Clark, 2015 WL 269154 (S.D.W.Va. Jan. 21, 2015), United States District Judge Robert C. Chambers stated as follows:

> Notwithstanding the difficulties faced by an incarcerated plaintiff, it is not yet, and cannot become, the role of the courts to track down defendants on behalf of incarcerated plaintiffs. At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made. Only upon provision of such information – which is absent here – can the courts execute services.

Skaggs v. Clark, 2015 WL 269154, * 3 (S.D.W.Va. Jan. 21, 2015); also see Ray v. Pursell, 2017 WL 3707584 (S.D.W.Va. June 23, 2017)(same). The Court specifically notified Plaintiff of the following:

> Plaintiff is **NOTIFIED** that service of process cannot be effectuated on "Multiple Unknown Agents of BOP," "John Doe," or "Jane Doe" defendants. If a defendant is not served, Plaintiff will not be able to prevail on his claim against that person. It is Plaintiff's responsibility, and not the duty of the Court, to ascertain the

identities and addresses of those individuals who Plaintiff believes caused him injury.

(Document No. 18, p. 3, fn. 2.) Despite the foregoing notice, Plaintiff failed to provide the Court with any further identifying information for the "Multiple Unknown Agents of BOP" Defendants. Accordingly, the undersigned respectfully recommends that Plaintiff's claims against the "Multiple Unknown Agents of BOP" Defendants be dismissed without prejudice due to the lack of service.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant Heckard's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 23), **DISMISS without prejudice** Plaintiff's Complaint against the "Multiple Unknown Agents of BOP" Defendants for lack of service, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

<u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

      The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

      Date: May 10, 2023.

Omar J. Aboulhosn
United States Magistrate Judge

22