UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

WILLIAM PRIGMORE,

    Plaintiff,

v.                                              CIVIL ACTION NO. 5:22-cv-00117

KATINA HECKARD, and
MULTIPLE UNKNOWN AGENTS OF B.O.P.,

    Defendants.

### MEMORANDUM OPNION AND ORDER

Pending is Plaintiff William Prigmore's Letter-Form Motion to Reopen Case [Doc. 45], filed July 15, 2024. Defendant Katrina Heckard, responded on July 24, 2024. [Doc. 46].

### I.

On March 4, 2022, Mr. Prigmore instituted this action seeking a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. 1]. His petition alleged that the Warden and Bureau of Prison ("BOP") was, among other things, violating his constitutional rights through namely mistreatment, rape, mental abuse, long term isolation, and torture. [*Id*.].

On March 8, 2022, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 3]. On March 9, 2022, Magistrate Judge Aboulhosn entered an order construing Mr. Prigmore's Petition as an action filed pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971). [Doc. 4]. On October 7, 2022, Defendant Katina Heckard filed their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [Doc. 23]. Magistrate Judge Aboulhosn filed his PF&R on May 10, 2023. [Doc. 38].

Magistrate Judge Aboulhosn recommended the Court grant Ms. Heckard's motion, dismiss without prejudice Plaintiff William Prigmore's complaint against Multiple Unknown Agents of BOP for lack of service, and remove this matter from the docket. [*Id*.]. Objections in this case were originally due on May 30, 2023. [*Id*.]. After the PF&R was returned as undeliverable, however, it was resent to Mr. Prigmore's new address on May 25, 2023. [Doc. 40]. Accordingly, the Court adjusted the objection deadline to June 12, 2023. No objections were filed. This Court adopted the PF&R on June 20, 2023 [Doc. 41] and closed the case.

## II.

Pursuant to *Federal Rule of Civil Procedure* 60(b) a court may relieve a party from an adverse judgment if the party shows either: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The sixth, "catchall" provision is "invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

## III.

While Mr. Prigmore does not explicitly raise *Federal Rule of Civil Procedure* 60(b), the Court liberally construes his motion as such. Nevertheless, the Letter-Form Motion to Reopen the case lacks the necessary merit for reconsideration. First, Mr. Prigmore does not raise

any of the first five grounds under Federal Rule of Civil Procedure 60(b). Specifically, he does not raise mistake or excusable neglect, fraud, that the judgment is void or has been satisfied, nor does he proffer any newly discovered evidence. His sole potentially available ground is Rule 60(b)(6), namely, for "any other reason that justifies relief."

First, Mr. Prigmore asserts the United States Court of Appeals for the Sixth Circuit "has issued a remand on his criminal conviction and order to release [him] from custody. [He] is still being held." [Doc. 45 at 1]. Mr. Prigmore is incorrect, as noted in the margin.[1]

Second, Mr. Prigmore believes "the idea behind paying the administration fee in a civil suite [sic] is you paying or have [paid] to have the Court resolve a serious issue that has occurred." [*Id*.]. More specifically, he believes that inasmuch as "[he] paid [his] admin fee but [has] received no relief" he should have "all of [his] issues revisited." [*Id*. at 3]. Mr. Prigmore is mistaken, inasmuch as fee payment does not guarantee the relief sought.

Third, Mr. Prigmore believes "the Government has admitted to the abuse and asked Congress to adopt the case." [*Id*. at 3]. The assertion is summarily deemed nonsensical.

For these and other reasons, Mr. Prigmore has not demonstrated he is entitled to relief.

## IV.

Accordingly, for the foregoing reasons, the Court **DENIES** Mr. Prigmore's Letter-Form Motion to Reopen Case. [**Doc. 45**].

---

[1] *See generally United States v. Prigmore*, 15 F.4th 768, 768-780 (6th Cir. 2021) (affirming Mr. Prigmore's conviction and 120 month sentence under 18 U.S.C. 922(g)); *see also United States v. Prigmore*, No. 21-3716, slip op. at 2-4, (6th Cir. June 16, 2022) (affirming the district court order denying Prigmore's *pro se* motions while vacating and remanding to the extent there were any additional modifications needed to the district court's order conferring jurisdiction).

3

The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: October 21, 2024



Frank W. Volk
Chief United States District Judge